UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY R. ALBARRAN,

        Plaintiff,

CASE NO. 1:08-CV-1020

v.

HON. ROBERT J. JONKER

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 14) and Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (docket # 15). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends that the Court affirm the Commissioner's decision to deny disability benefits to Plaintiff. (Report and Recommendation, docket # 14, at 10.) The Report and Recommendation focuses on whether the ALJ committed reversible error by failing to find that Plaintiff met listed impairment 12.05(C), which is the sole issue Plaintiff had raised for review. (*Id.* at 6.) The Magistrate Judge correctly articulated the legal standard applicable to the court's review of the Commissioner's findings. (Report and Recommendation, docket # 14, at 3.) The court's review is limited to an examination of the record as a whole, and the court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989); *Wilbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The court's review focuses on determining whether substantial evidence supports the Commissioner's findings. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If the Commissioner's decision is supported by substantial evidence, it must stand even if the reviewing court would resolve the dispute differently. *Young v. Sec'y of Health & Human Services*, 925 F.2d 146, 147 (6th Cir. 1990). "[T]he substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference." *Edwards v. Comm'r of Social Security*, No. 1:07-cv-848, 2008 WL

4425587 at * 3 (W.D. Mich., Sept. 26, 2008)(Maloney, Chief J.)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

When a Social Security claimant successfully demonstrates that he or she meets a listed impairment, the Commissioner will find the claimant disabled regardless of his or her age, education and work experience. 20 C.F.R. §§ 404.1520(d); 416.920(d). Listing 12.05 provides in relevant part:

> Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. . . .
>
> C. A valid verbal, performance, or full scale I.Q. of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05. To meet this listing for mental retardation, a claimant must show that his or her impairment "satisfies the diagnostic description in the introductory paragraph *and* any one of the four sets of critieria. . . ." *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001)(citing 20 C.F.R. Pt. 404, Supt. P., Appl 1 § 12.00(A)). The criteria in Listing 12.05(C) are at issue here. For this, the claimant must show:

> (1) [s]he experiences 'significantly subaverage general intellectual functioning with deficits in adaptive functioning [that] initially manifested during the developmental period' (i.e., the diagnostic description); (2) [s]he has a 'valid verbal, performance or full scale IQ of 60 through 70'; and (3) [s]he suffers from 'a physical or other mental impairment imposing an additional and significant work-related limitation of function.'

*West v. Comm'r Social Sec. Admin.*, 240 Fed. Appx. 692, 697-98 (6th Cir. 2007)(quoting 20 CFR Pt. 404, Subpt. P., App. 1, Listing 12.05).

The record reflects no dispute that Plaintiff meets the second and third requirements. Testing in January 2005 revealed that she had a full scale IQ of 69 (AR 593). Testing in January 2009 revealed a verbal IQ of 66, a performance IQ of 65, and a full scale IQ of 63 (AR 594). The Plaintiff has one or more other severe impairments. (AR at 593). The issue is whether Plaintiff has made the necessary showing of deficits in adaptive behavior that manifested before age 22. The ALJ found that she did not make this showing. The ALJ reasoned as follows:

> Testimony established that the claimant was not involved in special education services. Records obtained from high school showed that while in ninth grade, the claimant received D's in the regular education classroom. In the 10th grade, the claimant received no grades lower than a C- in the regular classroom. While in the 11th grade, the claimant's lowest grade was a C-; and she received an A and several B's. The claimant said that she had trouble with algebra and geometry in high school. She had speech therapy as a younger child. The claimant reported that she ran away from home one time; which resulted in foster care placement. Moreover, elementary school intelligence testing in 1969 showed an intelligence quotient of 71. The preceding does not establish that the claimant had deficits in adaptive behavior prior to age 22.

(AR 597).

The Magistrate Judge found that substantial evidence supported the ALJ's conclusion that the Plaintiff had not shown the onset of deficits in adaptive functioning before age 22 as required by Listing 12.05(C). (Report and Recommendation, docket # 14, at 9.) Plaintiff does not dispute the Magistrate Judge's articulation of applicable Sixth Circuit law. Rather, Plaintiff urges the Court to disregard the legal requirement that a claimant show evidence of adaptive deficits beginning before age 22. (Pl.'s Obj. to Magistrate Judge's Report and Recommendation, docket # 15, at 2.) The Court must follow the law, of course, and will not overlook the requirement.

4

Plaintiff argues that even under the governing law, which does require a showing of adaptive deficits manifesting before age 22, the ALJ reached the wrong conclusion. (*Id.* at 3.) Plaintiff points out that some of the evidence in the record could have supported a decision that Plaintiff did manifest adaptive deficits before the age of 22. (*Id.*) Under the applicable legal standard, which requires merely that substantial evidence support the ALJ's decision, this is not enough. The substantial evidence standard "affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision." *Edwards,* 2008 WL 4425587 at * 3 (citing *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *Mullen*, 800 F.2d at 545). The Magistrate Judge properly noted and accurately described substantial evidence supporting the ALJ's decision. (Report and Recommendation, docket # 14, at 9.) As the Magistrate Judge correctly observed, the question is not whether the Court would have reached the same conclusion as the ALJ, but whether substantial evidence underpins the ALJ's decision. *See Brainard*, 889 F.2d 679 at 681. In this case, substantial evidence supports the ALJ's decision, for the reasons described in the Report and Recommendation (docket # 14).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 14) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.

                                       /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                        UNITED STATES DISTRICT JUDGE

Dated: March 30, 2010